United States District Court
Southern District of Texas

**ENTERED**

September 24, 2021

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| LORI WASHINGTON, ex rel. J.W.<br>Plaintiff,<br><br>V.<br><br>KATY INDEPENDENT SCHOOL<br>DISTRICT,<br><br>Defendant. | § § § § § § § § § § § § | CIVIL ACTION NO. H-21-204 |

**MEMORANDUM AND ORDER**

Lori Washington sued Katy Independent School District on behalf of her son, J.W., alleging that the district failed to provide J.W. with a Free Appropriate Public Education, as required by the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq*. (Docket Entry No. 1). Washington now seeks leave to amend her complaint to include claims under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the Americans with Disabilities Act, 42 U.S.C § 12131, *et seq*.[1] (Docket Entry No. 18; Docket Entry No. 22 at ¶ 1).[2] Defendants oppose. (Docket Entry No. 19). The court heard oral argument on the motion. Based on the briefs, the administrative record, the arguments, and the applicable law, the court denies the motion for leave. The reasons are set out below.

**I.      Background**

J.W. was a student at Mayde Creek High School in the Katy Independent School District in November 2016. (Docket Entry No. 1 at ¶ 9). He was diagnosed with an intellectual disability

---

[1] Ms. Washington abandoned her Texas Human Resources Code claim. (Docket Entry No. 22 at ¶ 18).
[2] Ms. Washington filed two motions for leave to file an amended complaint, (Docket Entry Nos. 17–18), but asserted that the first was filed in error. Docket Entry No. 17 is stricken.

and an emotional disturbance, impacting "his daily functioning, ability to communicate and control his emotions." (*Id.* at ¶ 10). J.W. received special education services under the Individuals with Disabilities Education Act, 42 U.S.C § 12131, *et seq.* (*Id.*).

In November 2016, J.W. became upset because another student was bullying him. (*Id.* at ¶ 12). J.W. attempted to calm himself by retreating to a classroom he used as his "safe space," but the room was unavailable, and he had no other place to turn. (*Id.*). J.W. tried to leave the school building, but school staff stopped him. (*Id.*). The encounter escalated and a "school resource" officer—a security guard—tased J.W., causing him to urinate and defecate on himself. (*Id.*). J.W. was traumatized by what happened and did not go to school for most of the 2016 to 2017 school year. (*Id.* at ¶ 14). Ms. Washington alleges that J.W. did not feel safe at school because of the tasing and the district's failure to accommodate his disabilities. (*Id.* at ¶ 15). Ms. Washington alleges that in the fall 2017 semester, J.W. attended school only "for a few days" in August, September, and October, yet he received passing grades. (*Id.* at ¶ 26).

As a result of these events, Ms. Washington alleges that she sought changes to J.W.'s disability accommodations, but the district failed to address her concerns. (*Id.* at ¶ 25). On December 4, 2017, Ms. Washington filed a request for a special education due-process hearing under the Individuals with Disabilities Education Act, 20 U.S.C. § 1415, based on the district's failure to provide J.W. with a Free Appropriate Public Education. (*Id.* at ¶ 5). Ms. Washington's original petition included claims under the Americans with Disabilities Act, 42 U.S.C. § 12132, § 504 of the Rehabilitation Act, 29 U.S.C. § 794, and 42 U.S.C. § 1983, but her amended complaint abandoned all claims other than those under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq. Washington ex rel. J.W. v. Katy Indep. Sch. Dist.* (*Washington II*), 447 F.

Supp. 3d 583, 586 (S.D. Tex. 2020).  The hearing officer concluded that the remaining claims were time-barred and dismissed her petition.  *Id.* at 587.

In June 2018, Ms. Washington initiated a separate lawsuit against Katy Independent School District and the school resource officer who tased J.W., based on claims under the Rehabilitation Act, 29 U.S.C. § 794, the Americans with Disabilities Act, 42 U.S.C. § 12131, *et seq.*, and 42 U.S.C. §§ 1983 and 1988.  *Washington ex rel. J.W. v. Katy Indep. Sch. Dist.* (*Washington I*), 390 F. Supp. 3d 822, 830 (S.D. Tex.), *rev'd sub nom. J. W. v. Paley*, No. 19-20429, 2021 WL 2587555 (5th Cir. June 23, 2021).  This court granted summary judgment to the school district based on Ms. Washington's failure to exhaust her claims under § 504 of the Rehabilitation Act and Title II of the Americans with Disabilities Act.  *Id.* at 837.

In June 2018, Ms. Washington also appealed the hearing officer's decision rejecting her claims under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq. Washington II*, 447 F. Supp. 3d 583 (S.D. Tex. 2020).  This court remanded to the hearing officer to assess which claims were time-barred.  *Id.* at 594.  The hearing officer concluded that Ms. Washington's claims were not time-barred but that the district did not violate J.W.'s right to a Free Appropriate Public Education.  (Docket Entry No. 7-1 at 20–21).  This case requires the court to consider Ms. Washington's appeal from that decision.  Ms. Washington now moves for leave to amend her complaint to include claims under § 504 of the Rehabilitation Act and Title II of the Americans with Disabilities Act.  (Docket Entry No. 22 at ¶¶ 1, 18).

II.     **The Legal Standard**

Although a court "should freely give leave when justice so requires," *id.*, leave to amend "is not automatic," *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)).

A district court reviewing a Rule 15(a) motion to amend pleadings may consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of the amendment." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  A plaintiff should be denied leave to amend a complaint if "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face."  5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216 (3d ed. 2019); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) ("A district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.").

## III.    Analysis

Ms. Washington urges that leave to amend is appropriate because the proposed amended complaint adds "theor[ies] of recovery" to facts already pleaded and clarifies her legal claims. (Docket Entry No. 22 at ¶ 6).  She urges that amendment is timely because the amended complaint adds facts related to J.W.'s graduation.  (Docket Entry No. 22 at ¶ 8).  Ms. Washington alleges that the district failed to provide J.W. a Free Appropriate Public Education by giving him passing grades even though he rarely attended school to "steer[] him away from school with a sham graduation."  (Docket Entry No. 18-2 at ¶¶ 38, 40).

In deciding whether to grant leave to amend, the court may consider "(1) an 'unexplained delay' following an original complaint, and (2) whether the facts underlying the amended complaint were known to the party when the original complaint was filed."  *Matter of Southmark Corp.*, 88 F.3d 311, 316 (5th Cir. 1996).  Ms. Washington seeks to add a claim under § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, based on the district's failure to provide J.W. with a

4

Free Appropriate Public Education, and a claim based on discrimination under the Americans with

Disabilities Act, 42 U.S.C § 12131, *et seq*.  Both claims are based on facts known to her when she

filed this lawsuit in January 2021.  She offers no reasonable explanation for failing to include these

claims in the original complaint.

Ms. Washington argues that the facts related to graduation could not have been raised

earlier, but the graduation occurred two and a half years before this lawsuit was filed.  Ms.

Washington argues that "the graduation could not have been brought up in an earlier proceeding

because the original [Individuals with Disabilities Education Act] proceeding was 'dismissed upon

limitations.'"  (Docket Entry No. 22 at ¶ 8).   But this does not explain why she could not have

included this claim in the original complaint.  She offers no justification for the delay.

The court also concludes that leave to amend would be futile.  In *Washington I*, this court

concluded that Ms. Washington had failed to exhaust her claims under the Rehabilitation Act, 29

U.S.C. § 794, and the Americans with Disabilities Act, 42 U.S.C § 12131, *et seq*, and granted the

district summary judgment on these claims.  *Washington I*, 390 F. Supp. 3d at 837.  Ms.

Washington offers no new facts or arguments to disturb this conclusion.

Ms. Washington asserts that her new claim under the Rehabilitation Act is distinct from

the claim that this court granted summary judgment on in *Washington I* because the claim in

*Washington I* was a "failure to keep safe claim" rather than a failure to provide a Free Appropriate

Public Education claim.  (Docket Entry No. 22 at ¶ 10–15).  This argument is unpersuasive.  The

court explained in *Washington I* that exhaustion is required when the "the gravamen" of a

plaintiff's claim under the Rehabilitation Act or the Americans with Disabilities Act is an

Individuals with Disabilities Education Act claim "*based on the denial of a free and appropriate*

*public education.*"  *Washington I*, 390 F. Supp. 3d at 834–35 (emphasis added) (citing *Fry v.*

*Napoleon Cmty. Sch.*, 137 S. Ct. 743, 754 (2017)).  Applying this analysis, the court concluded

that Ms. Washington's claims required exhaustion.  *Id.* at 835.  Both the Rehabilitation Act and

the Americans with Disability Act claims in *Washington I* and the claims in the proposed amended

complaint rely on the district's alleged failure to provide a Free Appropriate Public Education.  So

even if *Washington I* is not preclusive here, Ms. Washington has not shown that the court's

reasoning in *Washington I* is inapplicable.

To the extent the claims have not been previously raised, they have not been exhausted, as

required when a plaintiff claims "relief for the denial of a free appropriate public education."

Amendment would be futile based on the failure to exhaust, and this is sufficient to deny leave to

amend.  *Cf. Ridgle v. Lowe's Home Centers, Inc.*, No. 3:04-CV-1650-D, 2005 WL 8158192, at *2

(N.D. Tex. Mar. 17, 2005) ("Courts have denied plaintiffs leave to amend on grounds of futility

due to the plaintiffs' failure to exhaust administrative remedies by properly filing a charge of

discrimination.").  This provides an additional basis for the court to deny Ms. Washington's motion

for leave to file an amended complaint.

## IV.   Conclusion

For the reasons above, Ms. Washington's motion for leave to file an amended complaint,

(Docket Entry No. 18), is denied.

SIGNED on September 24, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge